IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

        Plaintiff,                No. CIV S-07-2317 MCE GGH P

    vs.

JAMES TILTON, et al.,               <u>ORDER AND</u>

        Defendants.       <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15 Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint must contain more than a "formulaic recitation of the elements of a

17 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18 speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

19 "The pleading must contain something more...than...a statement of facts that merely creates a

20 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22 standard, the court must accept as true the allegations of the complaint in question, Hospital

23 Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25 McKeithen, 395 U.S. 411, 421 (1969).

26 /////

Plaintiff generally challenges defendants' implementation of the California law permitting inmates to attend criminal hearings audio-visually.  Prison inmates are not taken to court for the hearing, but rather to a room in the prison where they appear at the court hearing via videoconference.  Plaintiff seeks money damages and injunctive relief.

Plaintiff alleges that defendants have refused to take him to scheduled audio-visual hearings.  Plaintiff also alleges that he was not allowed to consult with his counsel prior to and during audio-visual hearings.  Plaintiff alleges that he was taken to the audio-visual hearings after the court hearings were over.  Plaintiff also alleges that while he attended the audio-visual hearings, he was not allowed to use the restroom and was forced, on occasion, to attend the audio-visual hearings wearing his boxer shorts.  Plaintiff also complains that he was required to wear shackles while being transported to the audio-visual hearings.

As legal claims plaintiff alleges 1) denial of his right to access the courts and to the assistance of counsel; 2) violation of the Eighth Amendment; 3) violation of his right to a speedy trial; 4) "self incrimination"; 5) violation of the right to equal protection; 6) violation of right to due process; 7) violation of state law.

Plaintiff's claims implicate the validity of criminal actions, although it is unclear whether he is challenging ongoing criminal proceedings or completed criminal proceedings.  To the extent plaintiff is challenging ongoing criminal proceedings, his actions are barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).  The abstention doctrine, set forth in Younger, prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  Further, the Younger abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution.  Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).  Further, the Younger abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted.  New Orleans Pub. Serv., Inc. V. Council of City of New Orleans, 491 U.S. 350, 369 (1989).  Accordingly, plaintiff's claims challenging ongoing criminal

1    proceedings are barred by the <u>Younger</u> abstention doctrine.

2            To the extent plaintiff seeks money damages for completed criminal actions, his

3    claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In <u>Heck</u>, an

4    Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state

5    and county officials violated his constitutional rights, he sought damages for improprieties in the

6    investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

7    ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

8    charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

9    custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

10   complaint and held that:

11           in order to recover damages for allegedly unconstitutional
             conviction or imprisonment, or for other harm caused by actions
12           whose unlawfulness would render a conviction or sentence invalid,
             a § 1983 plaintiff must prove that the conviction or sentence has
13           been reversed on direct appeal, expunged by executive order,
             declared invalid by a state tribunal authorized to make such
14           determination, or called into question by a federal court's issuance
             of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
15           bearing that relationship to a conviction or sentence that has <u>not</u>
             been so invalidated is not cognizable under 1983.

16

17   <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

18   damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

19   conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

20           Because there is no claim that plaintiff's criminal convictions have been

21   invalidated, expunged or reversed, his claims are barred pursuant to <u>Heck</u>.

22           If plaintiff challenges completed criminal actions and seeks prospective injunctive

23   relief, such claims should be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. §

24   2254 because they directly implicate the validity of his criminal conviction.  A finding by this

25   court that plaintiff's speedy trial rights were violated, for example, would directly implicate the

26   validity of plaintiff's criminal conviction.

1         In finding that plaintiff's claims for prospective injunctive relief regarding

2   criminal convictions should be raised in a habeas corpus action, this court acknowledges Ninth

3   Circuit case law discussing the divide between civil rights and habeas corpus actions.  In <u>Neal v.</u>

4   <u>Shimoda</u>, 131 F.3d 818 (9th Cir. 1997), two prisoners challenged their administrative placement

5   in the Hawaii "Sex Offender Treatment Program" (SOTP), a placement that made them ineligible

6   for parole.  The prisoners brought their claims in a civil rights action, which the Ninth Circuit

7   affirmed as an avenue of relief:

8         If Neal and Martinez are successful in their challenge of the SOTP and their
      labeling as sex offenders, that decision will not undermine the validity of their

9         convictions or continuing confinement at all.  The only benefit that a victory in
      this case would provide Neal and Martinez besides the possibility of monetary

10        damages, is a ticket in the door of the parole board, thus only making them
      eligible for parole consideration according to the terms of their sentences.  If Neal

11        and Martinez win, it will in now way guarantee parole or necessarily shorten their
      prison sentences by a single day.  The parole board will still have the authority to

12        deny the inmates' request for parole on the basis of any of the grounds presently
      available to it in evaluating such a request.  A victory in this case would not alter

13        the calculus for the review of parole requests in any way.  Because the inmates'
      challenge in this case does not necessarily imply the invalidity of their convictions

14        or continuing confinement, it is properly brought under § 1983.

15  131 F.3d at 824 (footnote omitted).

16        In <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004), the Ninth Circuit held

17  that "when prison inmates seek only equitable relief in challenging aspects of their parole review,

18  that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief

19  is available under the federal habeas statute."  (Emphasis in original.)  The <u>Docken</u> court

20  resolved the holding in <u>Neal</u>, <u>supra</u>, by finding that the rule of <u>Neal</u> is limited to establishing that

21  § 1983 is an "appropriate remedy" in the context of a claim implicating at least some relationship

22  to parole eligibility, without reaching the question of whether it is the *exclusive* one.  393 F.3d at

23  1030 (emphasis in original).

24  /////

25  /////

26  /////

In the instant action, plaintiff challenge procedures used within the criminal process rather than parole proceedings. A finding in his favor undermines the validity of his criminal conviction and could result in a new trial. While the Ninth Circuit in <u>Neal</u> found that claims challenging procedures in parole proceedings may be brought in civil rights cases, the Ninth Circuit has not found that claims challenging procedures used within the context of a criminal conviction may be brought in a civil rights action. Accordingly, the court finds that the reasoning of <u>Neal</u> is not applicable to plaintiff's claims.

In any event, were the court to find that plaintiff could proceed with a claim for prospective injunctive relief it would find that he lacked standing because he has failed to demonstrate a credible threat of immediate future harm. <u>See</u> <u>Smith v. City of Fontana</u>, 818 F.2d 1411, 1422 (9th Cir. 1987). Plaintiff does not allege that he is likely to engage in future criminal conduct which would result in him being subject to the audio-visual hearings. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983)(denying standing for injunctive relief to victim of police chokehold because he could not demonstrate a real and immediate threat that he would again be stopped for a traffic offense and illegally choked into unconsciousness).

It is clear that plaintiff cannot cure the pleading defects discussed above. For that reason, the court recommends that this action be dismissed.

Plaintiff has also filed a motion to appoint counsel. Because the court recommends that this action be dismissed, the motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's October 29, 2007, motion for appointment of counsel is denied; and

/////

1         IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

2         These findings and recommendations are submitted to the United States District

3    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

4    days after being served with these findings and recommendations, plaintiff may file written

5    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

6    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

7    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8    F.2d 1153 (9th Cir. 1991).

9    DATED:   04/15/08                         /s/ Gregory G. Hollows

10                                UNITED STATES MAGISTRATE JUDGE

11

12
     fuentes.56
13

14

15

16

17

18

19

20

21

22

23

24

25

26